United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41431
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JESUS CASTRO-GUZMAN,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-530-ALL
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Jesus Castro-Guzman appeals his guilty-plea conviction for

being found in the United States after previously having been

deported.  Castro-Guzman argues that there was error under United

States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because he

was sentenced under the mandatory Sentencing Guidelines.  Castro-

Guzman's sentence was enhanced based only on his prior

convictions, and, thus, Castro-Guzman's sentence was not affected

by a Sixth Amendment violation.  See Booker, 125 S. Ct. at 750,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

769. Nevertheless, the district court erred by imposing a sentence pursuant to a mandatory application of the Sentencing Guidelines. Id. at 768; see also United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). However, Castro-Guzman cannot establish that this error affected his substantial rights because he cannot show that the outcome would have been different absent the error. See United States v. Mares, 402 F.3d 511, 521 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). The record does not establish that the sentencing court would have imposed a different sentence had it been proceeding under an advisory guideline scheme.

Castro-Guzman also challenges the constitutionality of 8 U.S.C. § 1326(b)'s penalty provisions in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Castro-Guzman's challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Castro-Guzman contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Castro-Guzman properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.